**XUE GUANG LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–3669–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

Thomas V. Massucci, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Office of Immigration Litigation (Alison Marie Igoe, Senior Litigation Counsel, Edward J. Duf-

fy, Trial Attorney, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Guang Lin, native and citizen of China, seeks review of the July 30, 2007 order of the BIA affirming the March 18, 2004 decision of Immigration Judge ("IJ") Annette S. Elstein denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Guang Lin,* No. A79 084 632 (B.I.A. July 30, 2007), *aff'g* No. A79 084 632 (Immig. Ct. N.Y. City, Mar. 18, 2004). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see e.g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The parties' January 2007 stipulation, as ordered by this Court, instructed the BIA to reconsider its decision in light of *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en

banc), and *Chen v. Gonzales,* 417 F.3d 268, 274–75 (2d Cir.2005). On remand, the BIA again affirmed the IJ's denial of relief, finding that even if his testimony were found credible, petitioner failed to carry his burden of proof.

"[I]n the right circumstances, the agency may deny relief to a petitioner on the ground that she has failed to provide sufficient corroboration for her otherwise credible testimony." *Niang v. Mukasey,* 511 F.3d 138, 148 (2d Cir.2007). Here, substantial evidence supports the BIA's conclusion. The BIA explained that petitioner's testimony was vague and inconsistent: petitioner failed to identify the church he attended in China, the events surrounding when the police uncovered the church, or petitioner's own participation in it. The BIA then identified particular documentation absent from the record, *e.g.,* affidavits from petitioner's fellow Christians in the United States, which might have supplied the requisite detail to satisfy petitioner's burden of proof. Petitioner offered no adequate explanation for the absence of such evidence. During his merits hearing, the government asked petitioner why none of his fellow church members in New York City had appeared to testify; petitioner responded, "They don't have time." No reasonable fact finder would be compelled to find this explanation "valid or convincing." *Ming Shi Xue v. BIA,* 439 F.3d 111, 126 (2d Cir.2006). And the BIA explained that the corroborative evidence petitioner *did* adduce contradicted his own testimony.

Because petitioner was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because petitioner does not assert

any error as to the denial of CAT relief, we deem any such challenge waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).